Mr. Justice Scott delivered the opinion of the Court. We have considered the main question discussed in this case, as to when the statute of limitations begins to run upon notes executed to the State Bank under the provisions of the 9th, 10th and 11th sections of Liquidation Act, approved the 31st Jan’y, A. D. 1843, (Pamph. Acts,p. 80,) and are prepared to decide it; but, upon a more careful examination of the transcript, find that that question does not arise upon this record. The declaration is in the usual form, upon a note bearing date the 1st April, 1843, payable twelve months after date. To this, the bar of the statute of limitations was interposed by plea, and to remove it the Bank replied specially that the defendant made a payment on the note in question on the 1st day of April, 1844, but alleged no other facts. Now, if to this replication a demurrer had been interposed, it is perfectly clear that the law would have been for the defendant. Because the promise alleged in the declaration being to pay twelve months after the first day of April, 1843, the note matured at that time, and the cause of action accrued under the genera] law, immediately upon default of payment, in accordance with the alleged promise. And as the payment set up in the replication was alleged to have been made on the day of the maturity of the note, under the general law, its effect could not under that law, defer the time when the statute would begin to run, and consequently the bar was perfect on the 1st day of April, A. D. 1847, more than ten months before this action was commenced. Nor could this result have been avoided^ by any obligation upon the court to apply the provisions of the three sections cited of the liquidation statute to the state of facts as shown by the pleadings. Because it is manifest that these provisions of láw are applicable only to a particular class of debtors, and never did apply to every person, who might, after the day when that statute took effect, execute a note to another person at twelve months with satisfactory security; nor to every person who might execute such a note to any bank; nor indeed did they ever apply to every person who might execute such a note to the State Bank itself after that day, as is apparent by the further provisions of the twelfth (§ 12) section of the statute for the sale of “property purchased for the use and benefit of the bank,” and of certain “contingent interests” of the bank and branches “for cash in hand or upon a credit not to exceed one year, upon the purchaser executing a note to said bank with good and sufficient security, to be approved by said Receivers.” Therefore, there could not have been any place for the court to have applied the provisions of the three first cited sections of the statute, unless in addition to the fact of payment it had been also alleged in the pleadings, that the note in question was one of those that were executed under these provisions. And this is clear, when it is remembered that for any thing that appears to the contrary in the pleadings, the note in question may have been, in fact, one of those that were executed under the provisions of the twelfth section on a sale of property, or of some contingent interest of the bank or one of its branches; and, if so, stood upon a different footing as to the question of law1 mooted. It is true, however, that in the case at bar, a demurrer was not interposed, and that issue of fact was taken on the special replication. Nevertheless upon the trial the defendant below excepted to a part of the testimony, and was overruled, and moved for a new trial, as well upon this ground as upon that, that the finding of the court was contrary to law and evidence. As no foundation was laid for verbal testimony touching the receipt, the witness ought not to have been permitted to speak of it. But if this objection was waived, and it was considered that the Bank had made out, by proof, every allegation both of the declaration and the replication, still a case for a judgment against the defendant below, was not made out to displace the statute bar interposed by him. The court below erred, therefore, in refusing the motion for a new trial, and for this error the judgment must be reversed, and the cause remanded, not that a judgment non obstante veredicto shall be rendered for the defendant below, but that a repleader shall be awarded on the application of the Bank, so that that party may have an opportunity to file an amended new special replication, and displace the statute bar if she can by allegations and proof. 1 Chitty Pl., 10 Amer. Ed. 583, marg. 3 Call R. 1, Bogle et al. Conway, ex. 4 Leigh R. 480, 483, Rice v. White.